UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESCOTT ARNOLD,

    Plaintiff,

v.                                           CASE NO. 8:06-cv-1709-T-23MAP

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.
_____/

## **ORDER**

Novartis moves (Doc. 34) for summary judgment. First, Novartis argues that Count III fails because no inadequacy in Novartis's warnings proximately caused an injury to Mrs. Arnold, whose physicians would have recommended and prescribed and who would have accepted Zometa and Aredia despite any warnings. Second, Novartis argues that Counts IV and V fail because Florida law requires privity of contract between a plaintiff and a defendant. Third, Novartis claims that Count VI fails because loss of consortium is a derivative claim dependent on a spouse's independent claim, none of which are present, and that Arnold offers no evidence of any actionable and compensable loss of consortium. Fourth, Novartis argues that Florida's choice-of-law selects New Jersey law on the issue of punitive damages and that New Jersey law precludes punitive damages in the attendant circumstances.

Novartis's motion as to Count III is **DENIED** because a genuine issue of material fact exists.

Novartis's motion as to Count IV and Count V is **GRANTED**. Arnold agrees that these two claims are not maintainable in Florida.

Novartis's motion as to Count VI is **DENIED**. Resulting in the resolution of a close question in his favor, Arnold's testimony at pages 174 through 180 of his deposition appears sufficient to create at least some genuine issue of material fact.

Novartis's motion as to the claim for punitive damages is **GRANTED**, for the reasons, which I have carefully considered anew and with which I agree, stated at Doc. 75 in *Kirchman v. Novartis*, Case No. 8:06-cv-1787-T-24TBM.

ORDERED in Tampa, Florida, on June 27, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE