UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESCOTT ARNOLD,

    Plaintiff,

v.                                        CASE NO. 8:06-cv-1709-T-23MAP

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.
_____/

**<u>ORDER</u>**

Novartis moves (Doc. 36) *in limine* to exclude the testimony of Suzanne Parisian, M.D. Prescott Arnold responds (Doc. 52). Novartis's motion features a dismissive claim that "NPC is unaware of any other professional expert in a serial mass-tort litigation whose testimony has been so routinely rejected as Dr. Parisian's." Arnold responds heatedly with gratuitous advice to the district judge about where to "start its analysis" and about how everyone is "best served" by a ruling that favors Arnold and that denies Novartis's motion in limine, which "should be denied as the same motion has been, consistently throughout this litigation" (by which, presumably, Arnold means not this action but the aggregate, national litigation against Novartis and based on Aredia and Zometa).

The parties stumble indignantly into at least one fugitive item of agreement: "that this Court should do what the [other] Courts did in those other cases." Suffering more or less equally under this flawed notion, the parties heavily freight the

motion and response with claims and counterclaims about other judges' rulings in other cases. With respect to those other rulings in those other cases, the parties vehemently and uniformly disagree about more or less everything. To this pointless and unresolved dispute about the enumeration of rulings by other judges in other cases, the parties dedicate nearly the whole of their written exertions pertaining to Dr. Parisian.

Because each is most unhelpful, Doc. 36 and Doc. 52 are **STRICKEN**. If Novartis chooses to move again to exclude Dr. Parisian's testimony, Novartis may submit a motion (without footnotes and without a tally of other judges' rulings) within fourteen days and in fifteen or fewer pages that reviews – without characterization, name-calling, or disparagement – the qualifications of Dr. Parisian, the substance of her expected testimony, and the factual and legal basis for each objection. Arnold may respond within seven days and in fifteen or fewer pages, must observe the same restrictions as Novartis, and – to the extent Dr. Parisian's proposed testimony differs from the expected testimony described by Novartis – must state succinctly and with specificity the distinct topics on which Dr. Parisian proposes to testify.

ORDERED in Tampa, Florida, on June 27, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE