**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **PRESCOTT ARNOLD,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Case No. 8:06-cv-1709-SDM-MAP** |
| v. ) | |
| ) | |
| **NOVARTIS PHARMACEUTICALS** ) | |
| **CORPORATION,** ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S AMENDED[1] MOTION TO SET ASIDE THE COURT'S
ORDER (D.E. #121) OR IN THE ALTERNATIVE, TO GRANT LEAVE TO
FILE A RESPONSE TO NOVARTIS'S REFILED _DAUBERT_ MOTION**

Pursuant to Fed. R. Civ. P. 60(b), Plaintiff respectfully asks this Court to exercise its

considerable discretion and reconsider its recent Order (D.E. #121) precluding the testimony of

Plaintiff's expert, Dr. Suzanne Parisian.  As part of that request, Plaintiff moves this Court for

leave to file a response to Novartis's Refiled _Daubert_ Motion to Exclude Dr. Parisian within five

days of the Court's ruling on this Motion.  In the alternative, Plaintiff respectfully asks this Court

to partially reconsider its Order (D.E. #111) striking Plaintiff's Response (D.E. #52) to

Novartis's Motion to Exclude the Testimony of Dr. Parisian and to rule based upon Plaintiff's

already-filed Response.  This relief will allow for the presentation of competent evidence and

resolution on the merits.

1. On December 30, 2013, Novartis filed its original _Daubert_ Motion to Exclude

---

[1] This Amended Motion to Set Aside Court's Order, or in the Alternative, to Grant Leave to File a Response to
Novartis's Refiled _Daubert_ Motion is exactly the same as Plaintiff's Motion to Set Aside [D.E. # 122] filed on
August 12, 2014, except that the instant Motion contains the Local Rule 3.01 certification.

Plaintiff's Expert, Dr. Suzanne Parisian. D.E. #36. On the same day, Novartis also filed three additional *Daubert* Motions and a Motion for Summary Judgment. D.E. #s 34–38.

2.      On February 13, 2014, Mr. Arnold filed five separate responses to Novartis's four *Daubert* Motions and Novartis's Motion for Summary Judgment. D.E. #s 42, 43, 51, 52 and 56.

3.      On June 27, 2014, the Court entered an Order (D.E. #111) striking Novartis's *Daubert* Motion to Exclude Dr. Parisian (D.E. #36) and Mr. Arnold's Response (D.E. #52) thereto. The Court's Order stated, "Arnold may respond within seven days and in fifteen or fewer pages[.]"

4.      On July 11, 2014, Novartis submitted its Refiled *Daubert* Motion to Exclude Plaintiff's Expert Dr. Suzanne Parisian. D.E. #120.

5.      Per the Court's Order, Mr. Arnold's Response would have been due on July 18, 2014. Because Novartis's *Daubert* Motion was "Refiled," undersigned counsel's office did not calendar a response date, and undersigned counsel inadvertently missed the Court-imposed deadline.

6.      On August 1, 2014, the Court entered its Order granting Novartis's Refiled *Daubert* Motion as "unopposed." D.E. #121. Plaintiff inadvertently failed to oppose Novartis's Refiled Motion, but Plaintiff does oppose same, just as Plaintiff opposed Novartis's original *Daubert* Motion.

7.      Trial in this matter was originally set for the September 2014 trial calendar. On June 10, 2014, the parties filed a Joint Motion to Set a Date Certain for Trial, requesting that trial be scheduled to commence on September 22, 2014. D.E. #97. On June 27, 2014, the Court entered an Order (D.E. # 110) scheduling trial for December 1, 2014, based upon a telephone scheduling conference the Court had with counsel.

8.      As explained more fully below, Mr. Arnold respectfully requests that the Court reconsider its Order granting Novartis's *Daubert* Motion and grant him leave to file a response in opposition to Novartis's Refiled *Daubert* Motion so that a decision may be made on the merits. Alternatively, Plaintiff respectfully requests that this Court partially reconsider its Order striking Plaintiff's Response (D.E. #52) to Novartis's original *Daubert* Motion and rule based upon that Response.

9.      The undersigned counsel has conferred with opposing counsel, and counsel for Novartis advised that they object to the relief requested herein.

## MEMORANDUM OF LAW

Rule 60(b) is to be given a liberal and remedial construction in order to do "substantial justice." *United States v. Real Property & Residence*, 920 F.2d 788, 792 (11th Cir. 1991). Whether brought under Rule 59(e) or Rule 60(b), denial of a motion for reconsideration is reviewed for an abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (Rule 60(b)); *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1285 (11th Cir. 2001) (Rule 59(e)). Plaintiffs have a responsibility to file a motion for reconsideration: (1) when there is an intervening change in controlling law; (2) upon the availability of new evidence; or (3) where there is a need to correct a clear error or prevent manifest injustice. *Sussman v. Sale, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citing *Decker Coal Company v. Hartman*, 706 F. Supp. 745, 750 (D. Montana 1988). Such a motion is appropriate where the court has "patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension . . . ." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.

Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal citations omitted). Here, the ground for reconsideration is to prevent manifest injustice and substantial prejudice to Mr. Arnold.

Mr. Arnold's counsel has endeavored in this protracted, multi-district litigation against Novartis for seven years, and in every single case, the undersigned have consistently responded to Novartis's barrage of nearly identical arguments. This Court fairly described Novartis's Motion and Plaintiff's Response as indignant and flawed. We apologize to the Court for allowing the frustration of years of litigation to cloud the substantive legal issues that should have been better addressed in Mr. Arnold's Response. If given an opportunity to respond to Novartis's Refiled Motion to Exclude Dr. Parisian, Mr. Arnold's counsel assures the Court that his response will comply with the Court's request and present the substantive legal basis for allowing Dr. Parisian to testify. Dr. Parisian has testified in almost every, if not all, of the approximately 14 trials to date in this nationwide litigation.

This Court should set aside its Order (D.E. #121) for three reasons: (1) Mr. Arnold did timely file a response, despite its deficiencies; (2) Mr. Arnold's failure to refile a renewed Response was the result of inadvertent error by counsel, and the substantial record before this Court demonstrates Plaintiff's diligence in responding to Novartis's motions; and (3) Mr. Arnold would suffer prejudice and a substantial injustice were he not afforded the opportunity to present the merits of his opposition to Novartis's Refiled Motion to Exclude Dr. Parisian, while, on the other hand, Novartis would not be prejudiced at all by such relief. Moreover, timing is not an issue because the Court scheduled trial for December 1, 2014, allowing more than ample time for the Court to reconsider or set aside its ruling or, in the alternative, for Plaintiff to file a Response to the Refiled *Daubert* Motion. In the interest of fairness, Plaintiff would not object if Novartis sought leave to file a Reply to such a Response.

Plaintiff's counsel has consistently responded to Novartis's *Daubert* Motions to Exclude Dr. Parisian, among many other case-wide experts, in dozens of cases in Florida and hundreds throughout the Country—including this case. *See* D.E. #52 (Mr. Arnold's Response to Novartis's Motion to Exclude Dr. Parisian). At the heart of this Court's Order striking Novartis's Motion and Mr. Arnold's Response, is the call for both parties to present the merits, as opposed to the history of prior decisions in related cases. Mr. Arnold wishes to present the Court with nothing but the merits of his argument, and let the Court decide on that basis alone. Such a ruling would fall squarely within the long-standing policy held by the Eleventh Circuit and nearly every other district court in the Country, of allowing cases to be tried on the merits, as opposed to decisions based upon inadvertent procedural errors, as was the case here. Further, this case is currently set for trial on the December 1, 2014 trial calendar. D.E. #27.

We understand the Court's frustration with our initial Response Brief (D.E. #52). Our language and tone were born of Novartis's constant efforts to exclude the testimony of an expert who has invariably been permitted to testify, with minor restrictions. The content of our Response was directed at the content of Novartis's Motion—our focus on decisions of prior courts responded to theirs. We mistakenly failed to discuss the merits.

We respectfully disagree, however, with the Court's characterization of our Response as entirely unhelpful. *See* D.E. #111. Plaintiff specifically conceded that "unless Novartis opens the door, Plaintiff does not intend to offer any testimony from Dr. Parisian about medical (as opposed to regulatory) causation, corporate state of mind, industry standards, monitoring the clinical trials, or ghostwriting." D.E. #52 at 7.[2] Plaintiff went on to say that "this Court may

---

[2] This concession also substantially narrows the various areas of testimony sought to be excluded by Novartis's Refiled Motion. If this Court so permits, Plaintiff's Response to the Refiled Motion will contain the exact same concession.

consider these opinions withdrawn and the Motion moot as to same." *Id*. That concession substantially narrowed the issues before the Court. The balance of the Motion notwithstanding, Plaintiff was endeavoring to assist the Court.

Moreover, Mr. Arnold's suggestion about how everyone would be "best served" only related to one specific item in the Motion—testimony about the "reasonable evidence of an association of a serious hazard with a drug" pursuant to 21 C.F.R. § 210.57. D.E. # 52 at 7. Mr. Arnold was merely suggesting that all would be "best served by denying ***this aspect*** of the motion as premature and to address it at trial, should the issue be raised." D.E. #52 at 7 (emphasis added). Plaintiff did not mean to suggest to the Court that Novartis's Motion should be summarily denied on all counts, and the foregoing concession is clear evidence of same.

The Court is correct that both sides relied too heavily on prior decisions, spending too little time on Dr. Parisian's qualifications and her expected testimony. Plaintiff respectfully requests that this Court allow him an opportunity to file a response – within five days – to Novartis's Refiled Motion. Such a Response will be less than 10 pages and will focus on Dr. Parisian's testimony in this case, not others. In the alternative, Plaintiff respectfully requests that this Court reconsider its ruling striking Plaintiff's Response (DE #52) and rule based upon the helpful portions of that filing, including the exhibits.

Dated: August 14, 2014            Respectfully submitted,

/s/ Ramon A. Rasco
Ramon A. Rasco, Esq.
PODHURST ORSECK, PA
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
rrasco@podhurst.com

*- and –*

John J. Vecchione, Esq.
(admitted *pro hac vice*)
JOHN J. VECCHIONE LAW, PLLC
3863 Plaza Drive
Fairfax, VA 22030
Telephone: (703) 352-4800
Facsimile:  (703) 352-4820
jvecchione@valadlaw.com

*Attorneys for the Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by operation of the Court's Electronic Case Filing System on counsel of record in this action on this 14th day of August, 2014.


/s/ Ramon A. Rasco
Ramon A. Rasco, Esq.